DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that granted appellee's motion for summary judgment. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant Laura L. Olszewski sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE:
 "The Common Pleas Court erred in granting Defendant-Appellee's motion for summary judgment when Defendant-Appellee, in its initial motion, failed to offer evidence sufficient to meet its initial burden under Civ.R. 56.
"ASSIGNMENT OF ERROR NUMBER TWO:
 "The Common Pleas Court erred in finding it undisputed that Defendant-Appellee demonstrated a legitimate, non-discriminatory reason for the discharge of Plaintiff-Appellant.
"ASSIGNMENT OF ERROR NUMBER THREE:
 "Plaintiff-Appellant established a prima facie case of sex discrimination and/or sexual harassment in her treatment and discharge, and the Common Pleas Court erred by granting Defendant/Appellee's motion for summary judgment when genuine issues of material fact existed."
The facts that are relevant to the issues raised on appeal are as follows. Appellant began working for Engineering Animation, Inc. ("EAI") in February 1994. Pursuant to an agreement between EAI and what was then Chrysler Corporation, appellant was assigned to work at the Chrysler facility in Detroit. In August 1994, appellant was transferred to the Jeep facility in Toledo, where she worked until 1999. In August 1999, plant manager Ed Mercer, acting manager Terry Ratigan, and supervisor Glenn Forshee recommended that appellant be promoted to leader of the "wind and water" team, a sub-group of the vehicle development team. In September 1999, appellant complained to Forshee, who was her supervisor, that Ratigan was treating her differently than he treated other employees and that he was calling her by the nickname "water babe." On November 11, 1999, appellant reported to a meeting with Ratigan and other team leaders. At the meeting, appellant expressed her disagreement with a policy that Ratigan had implemented. When Ratigan asked appellant if she could be more positive about his plan, appellant responded that she could not. At that point, Ratigan told appellant to leave the meeting. When appellant reported to the plant for work the following day, she was escorted off the premises by an EAI employee. On November 19, 1999, appellant's employment with EAI was terminated.
On March 27, 2000, appellant filed a complaint in which she alleged that she was sexually discriminated against in violation of R.C.4112.02(A); that her termination was a violation of public policy against sex discrimination in the workplace; that appellee had violated an implied contract to terminate only for just cause; and that her termination violated public policy favoring a fair workplace, truthful grievance proceedings, job stability and economic productivity.
On January 16, 2001, appellee filed a motion for summary judgment seeking judgment as a matter of law as to all four of appellant's claims for relief. On February 2, 2001, appellant filed a memorandum in opposition. At that time, appellant stated that she no longer wished to pursue the third count of her complaint as to breach of an implied contract of employment. On February 8, 2001, appellee filed a memorandum in response and on February 15, 2001, the trial court granted summary judgment in favor of appellee. It is from that judgment that appellant timely appeals.
In her first assignment of error, appellant asserts that the trial court erred because appellee failed to offer evidence in its original motion for summary judgment sufficient to meet its initial burden under Civ.R. 56 of showing that there is no genuine issue of material fact and that appellee is entitled to judgment as a matter of law.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
After appellant made the decision not to pursue the breach of implied contract claim, the trial court had before it appellant's claim that she was terminated because of her sex and her two public policy arguments as set forth above. As to the first claim, appellee argued in its motion for summary judgment that appellant failed to establish a prima facie case of sex discrimination. In order to establish such a case, appellant would have to show that (1) she was a member of a protected class, (2)she was discharged, (3) she was qualified for the position, and (4) she was replaced by a person outside the class. Mitchell v. Toledo Hospital (6th Cir. 1992), 964 F.2d 577, 583. Appellee admitted that appellant was a member of a protected class, that she was discharged, and that she was replaced by a male, but argued that appellant could not show that she was qualified for the position. Appellee argued that appellant was "negative" and "insubordinate" at the November 11, 2000 meeting and therefore was no longer qualified for her position. Upon review of the record, however, this court finds that appellee presented no documents in support of its initial motion for summary judgment to affirmatively demonstrate that appellant was lacking evidence to support her claims, although it did attach to its reply memorandum the affidavit of Terry Ratigan, wherein Ratigan attested that he considered appellant's remarks at the November 11, 2000 staff meeting to be insubordinate and undermining of his management responsibilities. In support of her claims, appellant presented her deposition and her affidavit, in which she attested that Ratigan addressed her as "water babe" at least fifteen times during August and September 1999 and that she had a legitimate reason for speaking out as she did at the staff meeting.
Upon consideration of the foregoing, this court finds that there remains a genuine issue of material fact as to whether appellant was insubordinate and therefore not qualified for her job and that, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds cannot conclude that appellee was entitled to summary judgment as a matter of law. Accordingly, appellant's first assignment of error is found well-taken. Based on the foregoing, we find that appellant's second and third assignments of error are moot.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.